Francisco Oliveras, Petitioner and Appellant, *v.* Municipal Court of Arecibo, Respondent; Eugenio Lefranc, Jr., Intervener and Appellee.

No. 6016.   Argued March 16, 1933.—Decided July 14, 1933.

R. *Agrait* for appellant.   *Lens & Susoni* for intervener-appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Eugenio Lefranc, Jr., brought, in the Municipal Court of Arecibo, an action of debt against Petra Rosado and Aurelio Borrero to recover $140.  In order to secure the effectiveness of any judgment that might be rendered, he obtained an attachment which was levied upon an automobile valued at $450 and claimed to be the property of the defendants.  At this stage, Luis Rosado, claiming to be the real owner of the attached automobile, instituted an intervention proceeding (*tercería*) in the same municipal court, and upon the filing of a bond executed by Vicente Ramos and Francisco Oliveras, he succeeded in having the automobile placed in his custody.

The municipal court decided the action of debt in favor of Lefranc and the intervention proceeding in favor of Rosado.  Feeling aggrieved by the decision rendered in the intervention proceeding, Lefranc appealed to the district court and obtained a reversal therein.  The judgment rendered accordingly by the district court reads as follows:

"The hearing of this case was held on February 27, 1929, with the attendance of the plaintiff, the defendant Eugenio Lefranc, Jr., and their attorneys, and oral and documentary evidence was introduced. The filing of briefs was announced but it was not done.

"On this day, and for the reasons set forth in the opinion which is made a part hereof, the Court dismisses the complaint on the merits and accordingly it adjudges Luis Rosado to deliver to the marshal of the Municipal Court of Arecibo the Hudson car P–363, in the same condition in which he received it, and in default of such delivery to pay the sum of $400.00 (four hundred dollars) as its value, and interest thereon."

The record was returned to the municipal court and Lefranc moved that court to order the execution of the judgment against the property of the surety Oliveras.  The court

granted this motion, and an execution was issued to collect $140, with interest thereon and costs.

Oliveras then asked the municipal court to annul the order because the District Court of Arecibo did not compute or fix in its judgment any indemnity in the amount of $140, nor was said judgment rendered against him. The municipal court refused to do so, and Oliveras brought certiorari proceedings in the district court. The writ was issued and later discharged by said court on the ground that the judgment could also be considered as rendered against the surety, since it is not incumbent upon the judges to make the computation referred to in section 14 of the Act regarding intervention proceedings (*tercerias*).

Feeling aggrieved by that decision, the surety appealed to this Supreme Court. Two questions are involved, namely: whether it is necessary that the exact sum to be recovered by the plaintiff in the main action should be stated in the judgment, where the value of the attached property claimed by the intervener (*tercerista*) is greater than that claimed in said action; and whether it is proper to proceed against the surety, where the judgment has not been specifically rendered against him.

Let us examine the first question. The second paragraph of section 14 of the Act to provide for the trial of the right to real and personal property, approved on March 14, 1907, Comp. Stat. 1911, p. 854, reads thus: "When such value is greater than the amount claimed under the writ, by virtue of which such property was levied upon, the damages shall be on the amount claimed under said writ." The act does not expressly provide that the computation shall be made when rendering judgment, but it seems logical that it should be so. However, if it is not done, the error committed would not be fatal, since the record affords a sufficient basis on which to make the calculation, and a writ of execution for "the amount claimed under the writ" may be issued, even though the same does not appear in the judgment.

The second question raised herein is of greater import. The first paragraph of the cited section 14 of the Act regarding intervention proceedings, says: "In all cases where any claimant of property, under the provisions of this law, shall fail to establish his right thereto, judgment shall be rendered against him and his sureties for the value of the property, with legal interest thereon from the date of such bond."

Generally, before a surety can be adjudged to pay, some special proceeding, no matter how summary, must be instituted against him. However, in a case such as the present one every proceeding is dispensed with by express provision of the law, and judgment may be rendered simultaneously against the surety and the principal debtor; but it is necessary that a judgment be rendered, and indeed it was not rendered in this case, as it appears from the record.

It would have been easy to resort to the district court and request the same to amend its judgment, but so long as the judgment was not amended, it was not proper for the municipal court to authorize without further proceedings the issuance of execution against the surety who was not expressly included in the judgment.

By virtue of all the foregoing, the judgment appealed from, rendered by the district court on March 17, 1932, in the certiorari proceeding is reversed, and the case remanded to said district court for further proceedings according to law.